UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUDY REYNOSA,

       Plaintiff,

                                            Case No. 5:05-cv-161
v.                                       HON. ROBERT HOLMES BELL

JAMES BRENNAN, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Rudy Reynosa, an inmate at the Marquette Branch Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was housed at the Lakeland Correctional Facility at the time of the alleged violations. Upon initial review of the complaint, the Court entered an opinion dismissing some claims and defendants. Remaining in this action are defendants Dr. James Brennan, Karen Carter-Wagnor and Paul Knebl. Defendant Knebl has filed a motion to dismiss, which has been joined by defendant Carter-Wagnor.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *Jones v. Bock*, 2007 WL 135890 (U.S., Jan. 22, 2007). *See also Booth v. Churner*, 121 S. Ct. 1819, 1823-24 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Booth*, 121 S. Ct. at 1823; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 121 S. Ct. 634

(2000); *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir. 1999); *Wyatt*, 193 F.3d at 878-79; *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).

In *Jones*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." The Supreme Court rejected a finding that the PLRA requires a prisoner to specifically name defendants in their grievances. Rather, the Court defined the level of detail necessary to exhaust as simply compliance with the administrative grievance process. Accordingly, exhaustion is satisfied if plaintiff complied with the MDOC grievance procedures. Moreover, the burden is on defendants to show that plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. Exhaustion is no longer a pleading requirement. The Supreme Court also rejected total exhaustion, holding that when a defendant establishes lack of exhaustion as an affirmative defense, only the unexhausted claim may be dismissed.

Defendant Knebl argues that the exhausted claim against him is different than the claim asserted in plaintiff's amended complaint. Plaintiff alleges in his complaint:

> After being made to walk despite Dr. Rawal's orders that plaintiff be placed in handicap line, it caused plaintiff not to be available to breathe properly, and have chest pains. Plaintiff became very weak with pain. Plaintiff was brought a wheel chair from another inmate, because plaintiff asked another inmate to help him go use the restroom. Officer Knebl approached plaintiff and told plaintiff that per orders of Nurse Carter plaintiff was not allowed access to a wheel chair. Officer Knebl then gave plaintiff a direct order to get out of the wheel chair or he would write a ticket every five minutes, and plaintiff did not comply. While plaintiff asked other inmates for assistance to use the restroom Officer Knebl gets all the inmates' attention and states that anyone who helped plaintiff would get in trouble. Plaintiff's chest pains and difficulty breathing became more intense to the point where plaintiff began to feel scared at what was happening. Plaintiff asked Officer Knebl if he could contact Health Services, Officer Knebl replies: "I'll call later." After which began thought that I was going to die and that Nurse Carter and Officer

would let it happen. Plaintiff then began to cry and shake uncontrollably, and foam at the mouth. Officer Knebl called Health Services and states that plaintiff had to wait because someone was being seen. Health Services did not respond to plaintiff's emergency medical need. It was until Officer Breyner took plaintiff to Health Services approximately 15 minutes after Health Services was notified. Plaintiff was taken to local hospital and admitted on December 27, 2004.

Plaintiff's grievance against defendant Knebl states:

> Nurse Carter's actions and C/O Knviel's [sic] put my life in danger. Had just been released from the hospital from surgery. And Nurse Carter knew of my condition and still forced me to walk out in the elements with ice, snow, slush and mud. On 12/27 Nurse Carter gave me a medical detail for meals in and so she realized that I was not in any condition to be walking long distances. But she decided to involve Officer Knveil [sic] in making sure I didn't use a wheel chair, even though it was apparent that I needed one.
>
> Relief sought would be to place Nurse Carter away from prisoner contact, this is not the first time she has directed me to not use a wheel chair. She also made me walk when I had foot drop and Nurse Tanner gave me a detail to use a wheel chair. I believe that Nurse Carter is personally trying to give me a hard time.

It is clear that plaintiff has satisfied his grievance obligations under *Jones*. In the opinion of the undersigned, defendants are not entitled to dismissal of this action for failure to exhaust grievance remedies.

Defendant Knebl additionally argues that plaintiff's Eighth Amendment and Fourteenth Amendment claims should be dismissed for failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*,

- 3 -

355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355. U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 988 F.2d at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998), *cert. denied*, 119 S. Ct. 1028 (1999). Moreover, the Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes,* 452 U.S. at 348. In the opinion of the undersigned prohibiting plaintiff from using a wheel chair that was medically necessary, if true,

- 4 -

states an Eighth Amendment claim. Defendants are not entitled to dismissal of plaintiff's Eighth Amendment claim.

Plaintiff's Fourteenth Amendment claim against defendant Knebl, in the opinion of the undersigned, should be dismissed because the claim is more appropriate under the standards applicable to the Eighth Amendment. *See, e.g., Graham v. Connor*, 490 U.S. 386, 395 (1989) (where there is "an explicit textual source of constitutional protection" for a plaintiff's claim, the standard applicable to that source, and "not the more generalized notion of substantive due process" should be applied); *Dietrich v. Burrows*, 167 F.3d 1007, 1013 (6th Cir. 1999) (*citing Albright v. Oliver,* 510 U.S. 266, 273 (1994)) (same). *See also Walker v. Norris*, 917 F.2d 1449 (6th Cir. 1990) (a prisoner's substantive due process claim is properly analyzed solely as one under the Eighth Amendment, "which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions").

Accordingly, it is recommended that defendants' motion to dismiss (Docket #24) be granted, in part, dismissing only the substantive due process claim against defendant Knebl. It is recommended that the motion be denied on all other issues presented.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  January 29, 2007         /s/ Timothy P. Greeley
                                 TIMOTHY P. GREELEY
                                 UNITED STATES MAGISTRATE JUDGE