UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUDY REYNOSA #257164,

        Plaintiff,

                                        File No.  5:05-CV-161

v.

                                        HON. ROBERT HOLMES BELL

JAMES BRENNAN, et al.,

        Defendants.

                                        /

## MEMORANDUM OPINION AND ORDER APPROVING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Defendant Paul Knebl filed a motion to dismiss (Docket # 24), which was joined by Defendant Karen Carter-Wagnor (Docket #36).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court grant the motion in part as to the Fourteenth Amendment claim against Defendant Knebl and deny the motion in part as to all other issues (Docket #41).  The matter is presently before the Court on Plaintiff's objection to the R&R (Docket #44).  For the reasons that follow, Plaintiff's objection is denied and the R&R is adopted in its entirety as the opinion of the Court.

      This Court reviews *de novo* those portions of a R&R to which objections are made. 28 U.S.C. § 636(b)(1);  FED. R. CIV. P. 72(b).  The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations.  § 636(b)(1).

Plaintiff only objects to the Magistrate Judge's recommendation that Plaintiff's Fourteenth Amendment - substantive due process - claim against Defendant Knebl be dismissed. The Magistrate Judge recommended that the substantive due process claim be dismissed because it is more appropriately brought under the standards applicable to the Eighth Amendment. *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1013 (6th Cir. 1999). Plaintiff objects to this recommendation based on the contention that the substantive due process claim brought under the Fourteenth Amendment is distinct from the Eighth Amendment claim.

"'[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Estate of Dietrich*, 167 F.3d at 1013 (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994)). Plaintiff alleged both an Eighth and a Fourteenth Amendment claim against Defendant Knebl. Contrary to Plaintiff's contention, there is no substantive difference between the facts underlying the Eighth and the Fourteenth Amendment claims. Thus the two claims involve the same sort of government behavior. As the Eighth Amendment is applicable to Plaintiff's claim and the two claims against Defendant Knebl involve the same sort of government behavior, the claim must be addressed under the Eighth Amendment. Therefore, Plaintiff's objection to the R&R is denied. Accordingly,

**IT IS ORDERED** that Plaintiff's objection (Docket #44) to the Report and Recommendation of the Magistrate Judge (Docket #41) is **DENIED** and the Report and Recommendation of the Magistrate Judge is **APPROVED AND ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants Paul Knebl (Docket #24) and Karen Carter-Wagnor's (Docket #36) motion to dismiss is **GRANTED IN PART** as to Plaintiff's Fourteenth Amendment claim against Defendant Knebl and **DENIED IN PART** as to all other issues presented.

**IT IS FURTHER ORDERED** that Plaintiff's Fourteenth Amendment claim against Defendant Knebl is **DISMISSED**.

Date:   February 27, 2007              /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE