UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUDY REYNOSA,

    Plaintiff,

v.                                         Case No. 5:05-cv-161
                                         HON. JANET T. NEFF

JAMES BRENNAN, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Rudy Reynosa filed this prisoner 42 U.S.C. § 1983 action asserting claims arising out of the care he received after injuring himself while working. Plaintiff's amended complaint asserts claims against the remaining defendant, Dr. James Brennan. Plaintiff complains of events that occurred at Camp Branch and the Lakeland Correctional Facility. On October 4, 2004, plaintiff was transported from Camp Branch to the Coldwater Board of Public Utilities as part of a work detail designated to demolish and remove a fence and tennis court. Plaintiff was requested to use a jack hammer to break up concrete. Plaintiff had no prior experience with a jack hammer. Within minutes of using the jackhammer, it jerked and pulled plaintiff in a manner that caused pain to shoot from his back to his right leg. Plaintiff was then told to continue working and assigned to throw concrete rocks into a dump truck. Plaintiff was unable to perform this task and rested for the remainder of the day.

On October 5, 2004, plaintiff was taken to the hospital and diagnosed with a lumbosacral strain with radiculopathy. Plaintiff was treated at the hospital and prescribed Motrin

and Flexeril. Plaintiff was returned to the prison and referred to Dr. Harish Rawal at Foote Hospital in Jackson, Michigan. Plaintiff was transferred to the Lakeland Correctional Facility on October 7, 2004.

Plaintiff was first seen by a physician's assistant on October 8, 2004. Medication was ordered, but plaintiff claims it provided no relief. Plaintiff was examined by Dr. Brennan on October 14, 2004. Dr. Brennan ordered bed rest and Altram for pain. Plaintiff states that he was not receiving proper pain medication. On October 19, Dr. Brennan examined plaintiff. Plaintiff states that Dr. Brennan told him that nothing was wrong with plaintiff, nothing had helped him so far, and plaintiff needed exercise. Plaintiff alleges that Dr. Brennan denied him appropriate medical care and caused him to suffer unnecessary pain for thirteen days.

By November 2004, plaintiff was diagnosed with a degenerated disc. An MRI revealed that plaintiff suffered with a "right true disc herniation at L4-5, reducing an acquired right spinal stenosis and right foraminal stenosis." Dr. Rawal, a neurosurgeon, diagnosed plaintiff with a bilateral foot drop and recommended surgery. Plaintiff received a wheel chair at the hospital.

On December 22, plaintiff was admitted into Foote Hospital. Plaintiff received his surgery, and saw Dr. Rawal for follow-up care. On January 3, 2005, plaintiff was seen by Dr. Brennan. Plaintiff asked to be treated for his heart condition. Dr. Brennan responded by stating that nothing was wrong with plaintiff's heart. Dr. Brennan told plaintiff that he had a normal heart rate of 70 beats per minute. Plaintiff states that he checked his heart rate and it was actually 124 beats per minute. Plaintiff claims that Dr. Brennan lied about plaintiff's heart rate.

Defendant Brennan has filed a motion for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

   The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In

> order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997).

Contrary to plaintiff's claims, plaintiff received medical treatment from Dr. Brennan, including pain medications. Plaintiff clearly believes that he received improper treatment and the wrong types of pain medication. The medical records show that Dr. Brennan acted appropriately and

treated plaintiff in an acceptable manner. Plaintiff disagrees with Dr. Brennan's treatment and clearly feels that a different course of action should have been taken. However, at best, plaintiff is merely asserting that Dr. Brennan was negligent. Plaintiff has failed, in the opinion of the undersigned, to adequately support his claim that Dr. Brennan was deliberately indifferent to plaintiff's medical needs.

Accordingly, it is recommended that defendant Brennan's motion for summary judgment (Docket #105) be granted and that this case be dismissed in its entirety.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 20, 2008